UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

NUPONU GORNELEH,

    Plaintiff,

vs.

THE CITY OF KETTERING, *et al.*,

    Defendants.

Case No. 3:17-cv-181

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANTS' MOTIONS TO DISMISS (DOCS. 9, 11, 14, 18) BE GRANTED; (2) DEFENDANT ALL PRO TOWING'S MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. 33) BE GRANTED; (3) *PRO SE* PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. 17) BE DENIED; AND (4) THIS CASE BE TERMINATED ON THE COURT'S DOCKET**

---

This civil case is before the Court on the following motions: (1) a motion to dismiss filed by Defendants Hon. Frederick Dressel and Hon. James F. Long (doc. 9) of the Kettering, Ohio Municipal Court; (2) a motion to dismiss filed by Defendant Christopher T. Herman (doc. 11); (3) a motion to dismiss filed by Defendants Don Patterson, Matt Burian, and the City of Kettering ("the City") (doc. 14); (4) *pro se* Plaintiff's (hereinafter "Gorneleh") motion for summary judgment (doc. 17)[2]; (5) a motion to dismiss filed by Defendant Dennis Falling (doc. 18); and (6) a motion for judgment on the pleadings or, alternatively, a motion for summary judgment filed by Defendant All Pro Towing, Inc. (doc. 33).

Gornehleh filed a memorandum in opposition to the motions to dismiss filed by Defendants Dressel, Long, Herman, Patterson, Burian, and the City. Doc. 20. Thereafter, Defendants Dressel, Long, Herman, Patterson, Burian, and the City filed reply memoranda.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Gorneleh presents no evidence in support of his cross-motion for summary judgment, and such failure alone is fatal to his motion. See Fed. R. Civ. P. 56(c). Accordingly, the undersigned **RECOMMENDS** that Gorneleh's motion for summary judgment (doc. 17) be **DENIED**.

Docs. 21, 22, 23, 30. Gorneleh, with leave of Court, filed a sur-reply memorandum. Doc. 31. The Court has carefully considered all of the foregoing, and these motions are now ripe.

# I.

Gorneleh's *pro se* complaint and amended complaint contain no factual allegations. Docs. 2, 3. Gorneleh does, however, make reference to an arrest, a criminal case, and the loss of his vehicle. *See d*oc. 2 at PageID 20. Despite the absence of any specific factual allegations, Gorneleh, in his complaint and amended complaint, sets forth conclusory allegations that: (1) "[t]he Defendant" unlawfully acquired and transferred ownership of his vehicle following an arrest; (2) he was denied a fair and speedy trial; (3) his property was searched unlawfully; (4) he was unlawfully arrested; (5) he was unlawfully monitored; (6) he was coerced into committing perjury; (7) he was denied due process with regard to his rights and property; and (8) the facts of his case were misrepresented. *See id.*

Defendants' motions and Gorneleh's response to those motions provide some additional details regarding the apparent factual underpinnings of this case. *See* doc. 9 at PageID 72-72; *see also* doc. 20 at PageID 126-27.

On April 15, 2016, Gorneleh was arrested and charged with a number of criminal offenses in the Kettering Municipal Court,[3] including obstructing official business in violation of Ohio Rev. Code § 2921.31 and resisting arrest in violation of Ohio Rev. Code § 2921.33.[4] *See* doc. 9-1 at PageID 83. In a separate, but apparently related case in the Municipal Court, Gorneleh was charged with failure to signal a turn. Doc. 9-1 at PageID 87. All of these offenses

---

[3] In deciding the pending motions, the undersigned did consider the public docket of the Kettering Municipal Court because, in addition to well-pleaded allegations in the complaint, a Court may also consider "matters of public record, orders, [and] items appearing in the record of the case" when deciding a Rule 12 motion. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted); *Composite Tech., L.L.C. v. Inoplast Composites S.A. de C.V.*, 925 F. Supp. 2d 868, 873 (S.D. Ohio 2013).
[4] That traffic case was ultimately dismissed. A notation on the Kettering Municipal Court's docket states that Gorneleh was "incompetent to stand trial and [was] not restorable within the time limits set by law." Doc. 9-1 at PageID 88.

appear to have occurred on the same date, *i.e.*, April 15, 2016.  *See* doc. 9-1.  In his memorandum in opposition to Defendants' motions to dismiss, Gorneleh refers to Defendant Burian as the arresting Kettering Police Officer with regard to these offenses.  Doc. 20 at PageID 126.

Reference to the docket of the Municipal Court reveals that Defendant Judge Dressel presided over these criminal cases.  *Id*.  The Municipal Court docket also reveals that, in those criminal proceedings, Gorneleh was represented by Defendant Fallang, a public defender at the Montgomery County, Ohio Public Defender's Office.  *Id*.  All of these aforementioned criminal charges were ultimately dismissed.  *See* doc. 9-1 at PageID 85, 88.

In January 2017, Gorneleh filed a civil action against the City.  Doc. 9-2 at PageID 90. Gorneleh's complaint in that case alleged "[t]he unlawful acquisition and selling of [his] vehicle."  *See Gorneleh v. City of Kettering*, No. 17CVI02136 (Kettering Mun. Ct. Jan. 26, 2017).  The docket reveals that Gorneleh's civil case was assigned to Defendant Long.  *Id*.  In addition, it appears from documents filed in that case that Defendant Herman -- an attorney at the private law firm of Surdyk, Dowd & Turner Co., LPA -- represented the City in that case.  *See Gorneleh v. City of Kettering*, No. 17CVI02136 (Kettering Mun. Ct. Apr. 24, 2017).[5]  On May 31, 2017, Judge Long granted summary judgment in favor of the City and dismissed that civil case with prejudice.  *See Gorneleh v. City of Kettering*, No. 17CVI02136 (Kettering Mun. Ct. May 31, 2017).[6]

---

[5] The City's motion for summary judgment in that case sets forth some additional factual detail regarding the underlying incidents that appear to be at issue in this case.  *Id*.  According to the statement of facts set forth in that motion, Gorneleh was stopped by Defendant Burian in the City for failure to signal a turn and he subsequently refused to produce identification or exit his vehicle.  *Id*.  After being arrested by Defendant Burian for obstructing official business, Gorneleh's vehicle was towed.  *Id*.  The City purportedly informed Gorneleh how to reclaim his vehicle and, after failing to do so, title was reassigned to the towing company pursuant to Ohio Rev. Code § 4513.61.  *Id*.

[6] At this time, the parties do not argue that disposition of this civil case in the Kettering Municipal Court bars, estops, or precludes Gorneleh's claims in this federal case and, therefore, the undersigned does not address this issue in this Order.

## II.

A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." The standard for reviewing a Rule 12(c) motion for judgment on the pleadings is the same standard employed for reviewing a Rule 12(b)(6) motion to dismiss. *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

To show grounds for relief, Fed. R. Civ. P. 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). In determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. In addition to well-pleaded allegations in the complaint, the Court may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," as well as documents attached to a defendant's motion to dismiss that are important to the plaintiff's claims or if referred to in the complaint. *Amini*, 259 F.3d at 502 (citation omitted); *Composite Tech.*, 925 F. Supp. 2d at 873.

A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id*. at 679 (alteration in original) (citing Fed. R. Civ. P. 8(a)(2)).

While *pro se* parties must satisfy basic pleading requirements, *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989), their pleadings must be liberally construed and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Nevertheless, "even a *pro se* complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ogle v. Columbia Gas Transmission, LLC,* 513 F. App'x 520, 522 (6th Cir. 2013) (citing *Iqbal,* 556 U.S. at 678).

### III.

Liberally construing Gorneleh's complaint, the undersigned concludes that he asserts claims under 42 U.S.C. § 1983 seeking relief for alleged violations of his constitutional rights. *See* doc. 3. To state a claim for relief under § 1983, a plaintiff must allege "(1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003); *Edwards v. Univ. of Dayton*, 142 F. Supp. 3d 605, 607 (S.D. Ohio 2015).

A "[g]overnment official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677; *see also Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012). As a result, "damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what

each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008). "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery" against individual actors for alleged constitutional violations. *Gilmore v. Corrections Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149 (1978)); *see also Frazier v. Mich.*, 41 F. App'x 762, 764 (6th Cir. 2002); *see also Marcilis*, 693 F.3d at 605.

In this case, dismissal is warranted as to all Defendants because Gorneleh, in both his complaint and amended complaint, sets forth no factual allegations regarding any specific unconstitutional act undertaken by any particular Defendant.[7] *See* doc. 3. Further, with regard to Defendants Herman, All Pro Towing, and Fallang, there is nothing before the Court upon which the undersigned can plausibly conclude that any of these Defendants were state actors or that they otherwise jointly participated or conspired with a state actor in depriving Gorneleh of any constitutional right.[8] Accordingly, dismissal of all claims against all Defendants is warranted on this basis alone and the undersigned hereby recommends such.

In addition to dismissal as to all Defendants based on the foregoing, dismissal is further warranted with regard to specific Defendants as follows.

A. **Claims against Judges Dressel and Long**

Section 1983 claims against Judges Dressel and Long -- assuming Gorneleh asserts such claims against them in their individual capacities -- are subject to dismissal because judicial

---

[7] In deciding the motions to dismiss, the Court cannot consider factual allegations set forth only in Gorneleh's memoranda. A "district court, in reviewing a motion to dismiss, may not consider matters beyond the complaint[.]" *Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001).

[8] While it appears that Defendant Fallang was an attorney working for the Montgomery County, Ohio Public Defender's Office, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *West v. Atkins*, 487 U.S. 42, 50 (1988) (quoting *Polk County v. Dodson*, 454 U.S. 312, 425 (1981)).

officers are absolutely immune from liability.[9] *See Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Such immunity applies not only to § 1983 claims, but to state law claims as well. *See Kelly v. Whiting*, 477 N.E.2d 1123, 1127 (Ohio 1985). Insofar as Gorneleh asserts claims against Judges Dressel and Long in their official capacities, the undersigned notes that such claims are essentially claims against the Kettering Municipal Court, and are barred by the Eleventh Amendment. *See Ward v. City of Norwalk*, 640 F. App'x 462, 464 (6th Cir. 2016); *Davis v. Jackson Cnty. Mun. Court*, 941 F. Supp. 2d 870, 878 (S.D. Ohio 2013). Accordingly, claims asserted against Judges Dressel and Long should also be dismissed on this separate basis.

**B.     Municipal Liability**

With regard to claims against the City, which include claims asserted against Mayor Don Patterson in his official capacity,[10] the undersigned notes that, because the City is a governmental entity  -- as opposed to an individual state actor -- it "may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability." *Harris v. Jan*, No. 3:05CV7370, 2005 WL 3483551, at *2 (N.D. Ohio Dec. 15, 2005) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Instead, municipal liability claims under § 1983 require Gorneleh to "demonstrate that the alleged federal violation occurred because of a municipal policy or custom." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citation omitted). To survive dismissal, "a plaintiff must adequately plead (1) that a violation of

---

[9] Judicial immunity may be overcome only when the conduct alleged is: (1) performed at a time when the defendant is not acting as a judge; or (2) taken in complete absence of all jurisdiction. *Barnes*, 105 F.3d at 1116. The scope of the judge's jurisdiction is to be broadly construed and a judge's immunity will not be defeated because the action he or she took was in error, done maliciously, or was in excess of his or her authority. *Stump*, 435 U.S. at 356-57; *see also Sevier v. Turner*, 742 F. 2d 262, 271 (6th Cir. 1984). Horneleh alleges no facts that would trigger an exception to judicial immunity.

[10] "An official-capacity claim is equivalent to a claim against the entity that employs the defendants named in their official capacity." *Ledbetter v. Bean*, No. 2:13-cv-00012, 2013 WL 1284324, at *3 (M.D. Tenn. Mar. 28, 2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). As noted above, Gorneleh alleges no facts regarding Patterson's involvement in any of the alleged constitutional deprivations.

a federal right took place, (2) that the defendants acted under color of state law, and (3) that a municipality's policy or custom caused that violation to happen." *Bright v. Gallia Cnty., Ohio*, 753 F.3d 639, 660 (6th Cir. 2014) (citation omitted).

Because Gorneleh has not adequately plead the existence of any policy or custom that caused the alleged constitutional violations at issue, his claims -- against the City, and Mayor Patterson in his official capacity -- must be dismissed.

**IV.**

Based on the foregoing, the undersigned **RECOMMENDS** that:

(1) Defendants' motions to dismiss (docs. 9, 11, 14, 18) be **GRANTED**;

(2) Defendant All Pro Towing's motion for judgment on the pleadings (doc. 33) be **GRANTED**;

(3) Gorneleh's cross-motion for summary judgment (doc. 17) be **DENIED**; and

(4) This case be **DISMISSED** in its entirety and **TERMINATED** on the Court's docket.

**IT IS SO ORDERED.**

Date:  October 10, 2017                                s/ Michael J. Newman
                                                       Michael J. Newman
                                                       United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).